**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No.: 05 B 55876 |
| | Chapter: 13 |
| Thomas Prassas Jr. | |
| Lisa B. Prassas | Judge Eugene R. Wedoff |
| Debtor(s) | |

**OBJECTION TO TRUSTEE'S NOTICE OF PAYMENT OF**
**FINAL MORTGAGE CURE AMOUNT**

**NOW COMES** AMERICA'S SERVICING COMPANY AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS OWNER UNDER THE TRUST AGREEMENT FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2004-SI, (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying Trustee's Notice of Payment of Final Mortgage Cure amount in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois;

2. Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 10/14/05;

3. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. Section 362 of the Bankruptcy Code;

4. Movant is a mortgage holder or servicer on the property commonly known as 3623 N. Saint Louis Avenue, Chicago, IL;

5. That the Movant filed a Proof of Claim in the instant case totaling $12,610.72 for pre-petition arrearages on January 4, 2006 (Claim 3-1);

6. That Movant filed an Objection to Confirmation of the Debtors plan on January 3, 2006 (Docket #19), due to the fact that the arrears listed in the Amended Plan dated December 9, 2005 (Docket #13) only totaled $10,995.00;

7. That the Debtors Attorney filed a Modified Chapter 13 Plan on January 4, 2006 (Docket #21) which corrected the Movant's arrears to the correct amount of $12,611.00;

8. That the Movant appeared at the Confirmation hearing on January 5, 2006 and advised the Court that the Movant could withdraw their objection to confirmation based on the fact that the Amended Plan filed on January 4, 2006 (Docket #21) corrected the amount of arrearage to be paid to the Movant to the amount of $12,611.00;

9. That the Trustee mistakenly listed the December 9, 2005 Amended Plan on the Order Confirming Plan (Docket #23) and not the most recently filed Amended Plan dated January 4, 2006 on the Order Confirming Chapter 13 Plan;

10. That the Movant was not aware that the incorrect Amended Chapter 13 Plan has been confirmed until they received the Trustee's Notice of Final Mortgage Cure Amount (Docket #34) on March 15, 2010;

11. That the Movant was under the belief that the January 4, 2006 (Docket #21) Amended Plan was the Amended Plan that would be confirmed as it was the most recently filed Plan prior to the Confirmation Hearing, it was the Amended Plan which resolved the Movant's Objection to Confirmation (Docket #19), and it was the Amended Plan that the Movant stated to the Court resolved the Movant's Objection to Confirmation;

12. That the Movant would not have withdrawn its Objection to Confirmation (Docket #19) if the Movant had known that the Amended Plan dated December 9, 2005 (Docket #14) would be the Plan that the Trustee listed on the Order Confirming Chapter 13 Plan (Docket #23);

13. That the Movant has attempted to correct this mistake with the Chapter 13 Trustee's Office as well as the Court Filing System and was informed that the Movant would have to bring an objection to the Trustee's Notice of Payment of Final Mortgage Cure Amount (Docket #34) in order to obtain a resolution to the mistake which took place on January 5, 2006;

14. That the Order Confirming Chapter 13 Plan (Docket #23) as it stands might have the effect of binding Movant as a party to the bankruptcy to the incorrect arrearage amount in contradiction of its rights under the mortgage and 11 U.S.C. 1322;

15. That in paragraph E(4)(a), of the plan dated December 9, 2005 (Docket #14), the plan states that the amount of arrearage payments to be paid are estimated to total $10,995.00, the above quoted portion directs payments of ONLY $10,995.00 , which is substantially less than the amount owed this Movant pursuant to its filed proof of claim;

16. That if the plan is administered according to the Order Confirming Chapter 13 Plan (Docket #23) rather than as intended by both Movant and Debtor's Attorney, Movant would receive substantially less than its allowed, secured proof of claim, in contravention of the provisions of the bankruptcy code;

17. That sufficient grounds exist for denial of Trustee's Notice of Payment of Final Mortgage Cure Amount:

    a. Fails to cure Movant's pre-petition arrearage claim amount in full;
    b. That the Order Confirming Chapter 13 Plan does not reflect the intention of the Debtor's Attorney and does not resolve Movant's Objection to Confirmation which was timely filed.

**WHEREFORE,** AMERICA'S SERVICING COMPANY AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS OWNER UNDER THE TRUST AGREEMENT FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2004-SI, and/or its assigns, prays this Court enter an Order denying Trustee's Notice of Payment of Final Mortgage Cure Amount.

Dated this April 23, 2010.

Respectfully Submitted,

Codilis & Associates, P.C.

By:   /s/ Joel P. Fonferko

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-05-A885)**

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.